[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 02, 2010
JOHN LEY
CLERK

No. 10-12208
Non-Argument Calendar

_____

Agency No. A094-798-783

VILMA ARELY ANDRADE-DE ALFARO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 2, 2010)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Vilma Arely Andrade-De Alfaro, a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals that affirmed the denial of her motion to reopen her removal proceedings. We deny the petition.

On February 17, 2009, the immigration judge notified De Alfaro that her removal hearing would be held on March 19, 2009. See 8 U.S.C. § 1229(a). De Alfaro moved for a continuance on the ground that her attorney had a conflict in his schedule, but the immigration judge did not rule on De Alfaro's motion before the hearing. De Alfaro did not appear for her removal hearing, and the immigration judge denied De Alfaro's motion to continue and ordered her removed from the United States in absentia, id. § 1229a(b)(5)(A). De Alfaro moved to reopen her removal proceedings, but the immigration judge denied the motion. The Board found "appropriate" the decisions of the immigration judge to deny De Alfaro's motion for a continuance and to order her removed in absentia.

The Board did not abuse its discretion by affirming the denial of De Alfaro's motion to reopen her removal hearing. De Alfaro's failure to appear at her removal hearing was not attributable to exceptional circumstances beyond her control. See id. §§ 1229a(b)(5)(C)(i), (e)(1). De Alfaro received notice of her removal hearing and, although her attorney could not attend because of a conflict, De Alfaro does not assert that she could not appear at the hearing. De Alfaro

argues that she failed to attend at "the instruction of the staff of her attorney," but she does not argue that conduct amounted to ineffective assistance of counsel.  See Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274–75 (11th Cir. 2005).  De Alfaro failed to present evidence of circumstances so compelling that she would be entitled to reopen her removal proceedings.

We **DENY** De Alfaro's petition.

3